

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 7, 1948

Hon. Hall H. Logan, Chairman
State Board of Control
Austin, Texas

Opinion No. V-656

Re:  Authority of the State Board
of Control to expend local
funds of the Wichita Falls
State Hospital for the pur-
chase and operation of a
bus for employees of the
Hospital.

Dear Sir:

Your request for an opinion reads:

"We contemplate purchase of a bus, hiring
necessary driver and placing said bus in
operation between the Wichita Falls State
Hospital and the City of Wichita Falls.
The items of expense connected with this
venture will be paid for out of the local
funds of the Wichita Falls State Hospital.
The bus will serve to carry employees from
the Institution to the city and return, to
carry patients to and from the city, and to
carry institutional mail to and from the
city.  No persons other than employees
and patients will be permitted to ride on
said bus and no charges will be made of
such persons who ride the bus.  From each
employee riding the bus we anticipate ob-
taining a statement relieving the State
of Texas of any and all liability in the
event of injury to such employee while
aboard the bus.

"We fail to find a specific provision for
transportation of employees among the emolu-
ments granted to employees but we feel that
the operation of such a bus to carry employ-
ees to and from the City of Wichita Falls
will enable us to obtain better employees.

Actually, the Institution is some seven (7) miles distant from the city and has no public transportation facilities.  Employees living in Wichita Falls must either own an automobile or hire a taxi cab to reach their work.  Actually, the Wichita Falls State Hospital has not begun to receive the applications for employment of the better class of employees as have the other institutions located nearer town or that have public transportation facilities.  We feel that the lack of transportation facilities results in our failure to obtain a better class of employees at this institution.  It is always our aim and purpose to improve the caliber of employees at our institutions because the type of employees that we have readily manifests itself in the general welfare of the patients in the Institution.  If the bus is placed in operation between the Wichita Falls State Hospital and the city and hauls only patients and mail, the bus and the driver would not be operating to full performance but, if employees are also hauled, then the bus and driver will be in operation on a full time basis.

"In view of these circumstances, we humbly request an opinion of your department as to whether the State Board of Control could concur with the Superintendent of the Wichita Falls State Hospital in the employment of necessary bus drivers to operate a bus for carrying patients and employees only, without charge, to and from the City of Wichita Falls, Texas."

Section 44 of Article III of our Constitution, among other things, provides:

"The Legislature shall provide by law for the compensation of all officers, servants, agents, and public contractors, not provided for in this Constitution. . . ."

House Bill No. 807, Acts 50th Legislature, page 1028, among other things, provides in substance that the

salaries of all State employees shall be, for the period beginning September 1, 1947, and ending August 31, 1949, in such sums or amounts as may be provided for by the Legislature in the general appropriation bills. The Act suspends for the current biennium all laws and parts of laws fixing salaries of all such employees.

In compliance with the foregoing constitutional and statutory provisions, the Legislature has fixed the salaries and perquisites of all employees of the respective eleemosynary institutions of the State in the Eleemosynary Appropriation Bill for the current biennium (Acts 50th Leg., ch. 330, pp. 566 through 616). The appropriations for the Wichita Falls State Hospital are found therein at pages 585 through 589, and in the general riders attached thereto, pages 609 through 616. This Bill also provides that certain employees shall, and others may in the discretion of the Board, receive in addition to the salaries therein provided, certain perquisites, such as housing, provisions, utilities, room, board, and laundry. But nowhere therein have we been able to find any provision, either specifically or by implication, authorizing the Board to provide free transportation, such as is contemplated here, to either the officers or employees of the Hospital.

Therefore, in our opinion, it necessarily follows that the local funds of the institution may not be legally expended for such purpose.

We are not to be understood as holding that the Legislature may not provide free transportation for both officers and employees of such institutions as a part of their compensation for services rendered the State. Our holding here is predicated on the fact it has not done so.

## SUMMARY

The State Board of Control may not expend local funds of the Wichita Falls State Hospital for the purchase and operation of a bus for the purpose of furnishing free transportation to employees of the Hospital to and from Wichita Falls, the Legislature having made no provision

for the free transportation of such employees.
Const. Art. III, Sec. 44, H. B. No. 807, Acts
50th Leg., p. 1028; Acts 50th Leg., pp. 566-
616.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Bruce W. Bryant
Assistant

BWB:wb

APPROVED:

ATTORNEY GENERAL